IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL H. GRADO

      Petitioner,

                                                                             No. 1:17-cv-00984-MV-KRS

v.

ALICIA LUCERO, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents.

## PROPOSED FINDINGS AND
## RECOMMENDED DISPOSITION

      State inmate Gabriel Grado petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial in 2004 in Hobbs, New Mexico, Grado was convicted of second-degree murder for killing his father and first-degree murder for killing his father's girlfriend and was sentenced to life in prison. (Doc. 9-1, at 1-4). At the time of the murders, Grado was seventeen. (*Id.*, at 73). Grado primarily challenges the voluntariness of statements he made to detectives after his biological mother, who was not then his "custodial guardian," brought him to the Eunice Police Department and executed a waiver-of-rights form as Grado's parent. (Docs. 1 & 2).[1] Grado also claims his post-conviction counsel in state court was ineffective and the state court should have granted a second application for habeas relief. (*Id.*) Respondents assert Grado's petition in this Court is barred by the one-year limitation period contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Pursuant to an order of reference, *see* 28 U.S.C. § 636(b), the Court has considered

---

[1] Grado formulates these challenges as follows: "GROUND ONE: Child did not knowingly and voluntarily waive his rights" and "GROUND TWO: Child's statements should have been suppressed with his waiver of rights as a matter of law[.]" (Doc. 1, at 6).

the parties' submissions as well as the state court record. (Docs. 1, 2, 4, 9, 11). Having done so, the Court **RECOMMENDS** Grado's petition be **DISMISSED** as untimely.

## DISCUSSION

As is relevant here, Section 2244 (d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The period commences "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . or . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The statute is tolled "while a properly filed application for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(1), or "in rare and exceptional circumstances" where an inmate (1) "has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation mark and citation omitted). The former is known as "statutory tolling" and the latter "equitable tolling."

In this case, the limitations period commenced on February 5, 2012, the later of two triggering events under the statute. Under the first calculation, *see* 28 U.S.C. § 2244(d)(1)(a), the period started on January 26, 2004, ninety days after the New Mexico Supreme Court affirmed Grado's convictions and the time for petitioning the United States Supreme Court for certiorari expired. (Doc. 9-2, at 21-29); *see* U.S. Sup. Ct. R. 13; 28 U.S.C. § 2244(d)(1)(A). Because of two separate applications for post-conviction relief filed in the state court,[2] the statute was tolled for 332 days and Grado's Section 2254 petition was due in this Court on or before December 23,

---

[2] The second application was actually a motion for a sentence modification. The parties do not dispute that the motion was construed as a habeas petition under New Mexico law.

2005. (Doc. 9-2, at 31-57; 61-71); *Serrano v. Williams*, 383 F.3d 1181 (10th Cir. 2004) (tolling the limitation period for an addition fifteen days to permit a request for rehearing after the New Mexico Supreme Court declines to review the denial of collateral relief); N.M. Rule Ann 5-802(N) (allowing for appellate review by petitioning the New Mexico Supreme Court for a writ of certiorari within 30 days after the trial court denies habeas corpus relief). Applying the second method of determining the statute of limitations, *see* 28 U.S.C. § 2244(d)(1)(D), however, the period began on February 5, 2012[3] when Grado's received records from the New Mexico's Children, Youth, and Families Department (CYFD), and discovered his mother was not his "custodial guardian" when she signed the parental portion the *Miranda* waiver form, the factual predicate for his claims in this Court.[4] This later date controls. *See* 28 U.S.C. 2244(d)(1) (requiring the Court to use the latest date for limitations purposes).

Employing a February 5, 2012 start date, Grado's Section 2254 petition was due to the Court on or before February 5, 2013. Grado did not meet this deadline, (*see* Doc. 1, filed Sept. 26, 2017), and, in fact, concedes he did not raise the issue of custodial guardianship until July 12, 2015 in a "supplemental reply" filed in support of a pending petition for post-conviction relief in the state court. Even if the "supplemental reply" could be considered a "properly filed"

---

[3] Respondents concede Grado did not have the information about the status of mother's parental rights until he received the CYFD records, but claim Grado had the documents on August 5, 2011. (Doc. 9, at 12-13). Grado responds that the state court granted the order requiring CYFD to produce the documents on August 5, 2011, but he actually received them five to six months later. (Doc. 10). Since any conflict is not outcome determinative, the Court construes the date Grado discovered the factual predicate for his primary challenges in the light most favorable to Grado, February 5, 2012, six months after the state court compelled production of the CYFD records.

[4] From what the Court can discern, all of Grado's four grounds for habeas relief in this Court stem from his mother's alleged lack of custodial, parental rights when she executed a waiver of rights on a form as Grado's parent. The first two bases assert that Grado's waiver is constitutionally invalid and any statement he made after the invalid waiver had to be suppressed. The third basis challenges the effectiveness of his state post-conviction counsel for failing to properly present the lack of custodial rights during an evidentiary hearing. The final basis asks for relief because the state court did not grant habeas relief on the basis of his mother's alleged lack of custodial right. Even if Grado's third and fourth claims were timely, they fail on the merits. Although ineffective assistance of state post-conviction counsel might serve as an equitable basis for tolling a limitation's period or excusing procedural default, ineffective assistance of post-conviction counsel is not a constitutional basis for habeas corpus relief in and of itself. *See Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987). Even if the state court should have granted relief, that failure is an issue of state law for which federal habeas review is unavailable. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

application for collateral review in the state court, it was well beyond the one-year period and thus did not serve to statutorily toll the limitations period. Thus, Grado's petition under 28 U.S.C. § 2254 is untimely.

Grado asks the Court to apply doctrine of equitable tolling to save his late filing. He asserts that "for reasons unknown to petitioner, habeas counsel [representing him in the state court collateral proceeding] did not file the arguments" relating to the status of his mother's parental rights. (Doc. 10) "Equitable tolling of the limitations period is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). As the Tenth Circuit has explained, "equitable tolling is appropriate when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citations omitted).

The Court is not persuaded that Grado's explanation meets his "strong burden to show specific facts to support [a] claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (citations omitted). Although Grado implies his attorney was ineffective, he concedes he does not know why his attorney failed to act before the statute expired. Similarly, Grado does not identify with any particularity what *he* did to inform his attorney about the information contained in the CYFD documents or why his attorney's actions were outside of Grado's control. While attorney misconduct may qualify as an uncontrollable event meriting equitable tolling, Grado did not provide "specificity regarding the alleged [misconduct] and the steps he took to diligently pursue his federal claims." *Miller v.*

*Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  In sum, Grado has not demonstrated entitlement to equitable tolling and his petition for a writ of habeas corpus in this Court is, therefore, time barred.

## CONCLUSION & RECOMMENDATION

For the reasons state above, Grado's petition for a writ of habeas corpus under 28 U.S.C. § 2254  is barred by the one-year limitation period contained in the AEDPA.

**IT IS, THEREFORE, RECOMMENDED** that Grado's petition for a writ of habeas corpus (Doc. 1), be **DISMISSED WITH PREJUDICE**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE