IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL H. GRADO,

    Petitioner,

v.

                                  No. 1:17-cv-00984-MV-KRS

ALICIA LUCERO, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, AND DENYING MOTIONS AS MOOT

**THIS MATTER** comes before the Court on Petitioner Gabriel Grado's objections to Magistrate Judge Kevin Sweazea's Proposed Findings and Recommend Disposition ("PFRD") (Doc. 16). In the PFRD, the magistrate judge concluded that Grado's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is barred by the one-year statute of limitation contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. 2244(d)(1). (Doc. 15). Grado objects and asserts the statute of limitation was tolled because of on-going, state-court proceedings, his diligence in pursuing his claims, and his good-faith reliance on his appointed post-conviction counsel in the state court. Having reviewed the PFRD *de novo* in light of Grado's specific challenges, *see* 28 U.S.C. § 636(b), the Court overrules Grado's objections, adopts the magistrate judge's PFRD, and dismisses the petition with prejudice.

## BACKGROUND

Grado filed the instant petition on September 26, 2017. Grounds one and two of his application attack the voluntariness of statements he made to police after his biological mother,

but not his custodial guardian, escorted him to the Eunice, New Mexico police department and signed an advisement-of-rights form as Grado's parent. Grado's other two grounds for relief are part and parcel of this due process challenge: Grado's post-conviction counsel in the state court should have presented documentary proof of the lack of "custodial guardianship" during an evidentiary hearing; and the state court erroneously failed to grant relief because of Grado's mother's misconduct.

Although Grado's two murder convictions became final over a decade ago, Grado first learned that his biological mother was not his legal guardian on February 6, 2012. On that day, Grado received records from the New Mexico Child Youth and Families Department ("CYFD") that showed, as of a June 22, 1996 order, Grado was a ward of the state and presumably remained so when his mother signed the form at issue and Grado made inculpating statements to police. Judge Sweazea took February 6, 2012 as the triggering date for the statute of limitations for Grado's claims based on subsequently discovered facts. *See* 28 U.S.C. § 2241(d)(1)(D). Using this date, the magistrate judge concluded that, absent tolling, Grado had until February 6, 2013 to seek habeas relief in federal court. Grado, however, first raised the issue on July 15, 2015 in ongoing post-conviction proceedings in state court by filing a "supplemental reply." Because Grado did not offer a cognizable justification for the delay, the magistrate judge determined that neither statutory nor equitable tolling saved Grado's untimely Section 2254 petition in this Court.

## DISCUSSION

Grado does not challenge the magistrate judge's calculations or recitation of the facts. Instead, Grado objections, liberally construed, argue for statutory and equitable tolling. As for statutory tolling, Grado emphasizes ongoing state court proceedings that began with an

application for post-conviction relief filed in 2010 and amended in April 2012. This assertion could be read as seeking "relation back"— the pleading in which Grado first raised his mother's parental status should be considered filed as of the date of the amended application in state court, which would have served to stop AEDPA's clock. In terms of equity, Grado asserts that the many years he waited to receive a ruling from the state courts in post-conviction proceedings were beyond his control and illustrate his diligence.

## Statutory Tolling

The Tenth Circuit has not addressed whether a new theory for post-conviction relief submitted to the state court after AEDPA's limitation period has expired, but in an ongoing collateral case that was commenced *before* expiration, relates back to the date of commencement and triggers tolling under Section 2244(d)(2). *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation"). If relation back applies, Grado's federal petition would be timely since it was filed within a year after the New Mexico Supreme Court denied review of Grado's amended post-conviction application. Nonetheless, the Court concludes statutory tolling is inapplicable here.

First, post-conviction attacks in New Mexico are governed by criminal rules not civil procedure. *See* N.M. Rule Ann. 5-802; *Allen v. Lemaster*, 267 P.3d 806, 810 (N.M. 2012) (explaining that "[h]abeas corpus proceedings under Rule 5-802 . . . are in every real sense a continuation of a defendant's criminal case . . . and are no longer appropriately characterized as civil proceedings to which the 'Rules of Civil Procedure' apply") (citation omitted). "Relation back" is a creature of civil procedure. *See* N.M. R. Ann. 1-015(C) Rules of Civil Procedure for

the (New Mexico) District Courts. As a result, it is unclear what mechanism of state law would allow for relation back.

Second, assuming the New Mexico Supreme Court were to import Rule 1-015(C) into post-conviction criminal procedure, new claims only relate back where they implicate "the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Here, the voluntariness of Grado's inculpating statements does not stem from Grado's counsel's conduct at trial, the original basis for his 2010 application in state court as amended in 2012. (Doc. 9-4, at 70-89; 92-108). In those filings, Grado asserted that his trial counsel failed to meaningfully pursue mitigation in pretrial investigation, and at trial and sentencing. Grado pointed to a history of behavioral problems and abuse and argued his trial attorney should have presented evidence tending to show he lacked the *mens rea* for first-degree murder, instead of the "all-or-nothing defense" upon which counsel settled. In short, Grado's Fifth-Amendment challenge to the voluntariness of his statements is unconnected, factually or legally, to the stated bases in his application for post-conviction relief.

Finally, although Grado's application was filed, and amended, in the state court before the statute ran on his parental-rights theory, the specific relief sought in the application was premised on constitutional challenges that had already expired under federal law. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired."). Under AEDPA, claims may have different limitation periods depending upon when the "factual predicate" for the specific challenge was discovered. *See* 28 U.S.C. § 2244(d)(1)(A) & (D). In this case, the facts underlying the claims alleged in Grado's application, ineffective assistance of trial counsel, were the failure of Grado's

attorney to investigate and present a mitigation defense at trial and during sentencing. Grado knew of the factual predicate—the failure of counsel to present mitigating evidence related to his past abuse and behavioral problems—at the time of trial and sentencing.

For this predicate, AEDPA's year commenced when Grado's convictions became final. *See* 28 U.S.C. §2244(d)(1)(A) &(d)(2) (statute of limitations for claims not based on newly discovered facts runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review" but subject to tolling when "a properly filed application for State post-conviction relief . . . is pending"). As the magistrate judge calculated the dates, Grado's federal habeas petition for Grado's challenges not related to the CYFD documents was due on or before December 23, 2005, a year from when Grado's convictions became final and after the state court disposed of two properly filed collateral challenges. Because a successive state-court application for post-conviction relief cannot revive an already expired statute of limitation, Grado's 2015 "supplemental reply" raising the issue of his mother's custodial status in the state court, even if it did relate back, could not render Grado's federal petition timely.

## Equitable Tolling

"Equitable tolling of the limitations period is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). As the Tenth Circuit has explained, "equitable tolling is appropriate when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a

defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citations omitted).

Here, Grado recites the lengthy procedural history of his various applications for post-conviction relief in the state court. He also explains he relied in good faith on his attorney. None of these contentions, however, establish external, uncontrollable circumstances that impeded him from raising his mother's alleged lack of custodial rights, either in this Court or the state district court before the expiration of the one-year statute of limitations. Grado had the "strong burden to show specific facts to support [a] claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (citations omitted). He did not meet that burden in this case, and the Court overrules his objection.

## CONCLUSION

For the reasons stated above, the Court overrules Grado's objections to the magistrate judge's PFRD.

**IT IS, THEREFORE, ORDERED** that Petitioner's objections to the magistrate judge's PFRD (Doc. 16) are **OVERRULED** and the PFRD (Doc. 15) is adopted as an order of the Court.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (Doc. 12) and motion for a ruling (Doc. 1) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's motions for ruling (Docs. 14 & 20) are **DENIED** as moot.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE